Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LPP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Incyte*
*Corporation and Incyte*
*Holdings Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INCYTE CORP. and INCYTE HOLDINGS CORP., <br><br> **Plaintiffs,** <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD., <br><br> **Defendants.** | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively and/or individually, "DRL") allege as follows:

## Nature of the Action

1.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., arising from DRL's submission of Abbreviated New Drug Application ("ANDA") No. 220797 ("DRL's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic

1

version of Incyte's Jakafi® (ruxolitinib) drug products, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg tablets, prior to the expiration of United States Patent Nos. 7,598,257 (the "'257 patent"); 8,415,362 (the "'362 patent"); 8,722,693 (the "'693 patent"); 8,822,481 (the "'481 patent"); and 8,829,013 (the "'013 patent") (collectively, the "patents-in-suit"). The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

## The Parties

2.      Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3.      Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4.      On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of Delaware, having a place of business at 600 College Road East, Suite 4000, Princeton, New Jersey 08540.

5.      On information and belief, Defendant Dr. Reddy's Laboratories, Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

## The Patents-in-Suit

6.      On October 6, 2009, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '257 patent, entitled, "Heteroaryl substituted pyrrolo[2,3-b]pyridines and pyrrolo[2,3-b]pyrimidines as janus kinase inhibitors." A copy of the '257 patent is attached hereto as Exhibit A.

2

7.      On April 9, 2013, the USPTO duly and lawfully issued the '362 patent, entitled, "Pyrazolyl substituted pyrrolo[2,3-b]pyrimidines as Janus kinase inhibitors." A copy of the '362 patent is attached hereto as Exhibit B.

8.      On May 13, 2014, the USPTO duly and lawfully issued the '693 patent, entitled, "Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1- yl)-3-cyclopentylpropanenitrile." A copy of the '693 patent is attached hereto as Exhibit C.

9.      On September 2, 2014, the USPTO duly and lawfully issued the '481 patent, entitled, "Salts of the janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d] pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." A copy of the '481 patent is attached hereto as Exhibit D.

10.      On September 9, 2014, the USPTO duly and lawfully issued the '013 patent, entitled, "Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-D]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." A copy of the '013 patent is attached hereto as Exhibit E.

## The Jakafi® Drug Products

11.      Incyte Corporation holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a) for Jakafi® (ruxolitinib) (NDA No. 202192).

12.      Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Jakafi®.

13.      The FDA-approved prescribing information for Jakafi® instructs and encourages

3

physicians, pharmacists, other healthcare workers, and patients to administer Jakafi$^{®}$ according to one or more of the methods claimed in the patents-in-suit.

### Jurisdiction and Venue

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15. This Court has personal jurisdiction over DRL by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

16. On information and belief, DRL purposefully has conducted and continues to conduct business in this Judicial District.

17. On information and belief, DRL is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

18. On information and belief, DRL submitted ANDA No. 220797 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug products that are the subject of DRL's ANDA ("DRL's Proposed Products"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

19. On information and belief, this Judicial District is a likely destination for DRL's Proposed Products.

20. On information and belief, DRL intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of DRL's Proposed Products.

21. On information and belief, DRL maintains a regular and established physical place

of business at 600 College Road East, Suite 4000, Princeton, New Jersey 08540.

22.    On information and belief, DRL is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100518911 and is registered with the New Jersey Department of Health under Registration No. 5002312.

23.    DRL did not contest personal jurisdiction in this Court in actions it initiated in this Judicial District. *See, e.g., Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB,* No. 1:18- cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB,* No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.,* No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.,* No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB,* No. 3:08-cv-02496 (D.N.J.).

24.    DRL has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g., Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.,* No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.,* No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. v. Dr. Reddy's Lab'ys, Inc.,* No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.,* No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.,* No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.,* No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.,* No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.,* No. 2:19-cv-15739 (D.N.J.).

25.    For at least the foregoing reasons, venue is proper in this Judicial District for DRL pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## Acts Giving Rise To This Suit

26.    Pursuant to Section 505 of the FFDCA, DRL submitted ANDA No. 220797 seeking

5

approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products, which are proposed generic versions of Incyte's approved Jakafi® products, before the patents-in-suit expire.

27.     On information and belief, following FDA approval of DRL's ANDA, DRL will make, use, sell, or offer to sell DRL's Proposed Products throughout the United States, and/or import such generic products into the United States.

28.     On information and belief, following FDA approval of DRL's ANDA, DRL's Proposed Products will include prescribing information, similar to that for Jakafi®, that instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer DRL's Proposed Products according to one or more of the methods claimed in the patents-in-suit.

29.     On information and belief, in connection with the submission of ANDA No. 220797 as described above, DRL provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("DRL's Paragraph IV Certifications"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in DRL's ANDA.

30.     DRL subsequently sent to Incyte written notice of DRL's Paragraph IV Certifications for the patents-in-suit, alleging that the claims of those patents are invalid and/or will not be infringed by the activities described in DRL's ANDA. DRL's written notice to Incyte conveyed that DRL seeks approval to market DRL's Proposed Products before the patents-in-suit expire.

### Count I: Infringement of the '257 Patent

31.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

32.     DRL's submission of ANDA No. 220797, with the accompanying Paragraph IV

6

Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the '257 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

33. There is a justiciable controversy between the parties hereto as to the infringement of the '257 patent.

34. Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '257 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States.

35. Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '257 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '257 patent and knowledge that its acts are encouraging infringement.

36. Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '257 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, DRL has had and continues to have knowledge that DRL's Proposed Products are especially adapted for a use that infringes one or more claims of the '257 patent and that there is no substantial non-infringing use for DRL's Proposed Products.

37. Incyte will be substantially and irreparably damaged and harmed if DRL's infringement of the '257 patent is not enjoined.

38. Incyte does not have an adequate remedy at law.

7

39.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count II: Infringement of the '362 Patent

40.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

41.     DRL's submission of ANDA No. 220797, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the '362 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

42.     There is a justiciable controversy between the parties hereto as to the infringement of the '362 patent.

43.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '362 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States.

44.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '362 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '362 patent and knowledge that its acts are encouraging infringement.

45.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '362 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On

information and belief, DRL has had and continues to have knowledge that DRL's Proposed Products are especially adapted for a use that infringes one or more claims of the '362 patent and that there is no substantial non-infringing use for DRL's Proposed Products.

46.     Incyte will be substantially and irreparably damaged and harmed if DRL's infringement of the '362 patent is not enjoined.

47.     Incyte does not have an adequate remedy at law.

48.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '693 Patent

49.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

50.     DRL's submission of ANDA No. 220797, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the '693 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

51.     There is a justiciable controversy between the parties hereto as to the infringement of the '693 patent.

52.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '693 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States.

53.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '693 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On

information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '693 patent and knowledge that its acts are encouraging infringement.

54.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '693 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, DRL has had and continues to have knowledge that DRL's Proposed Products are especially adapted for a use that infringes one or more claims of the '693 patent and that there is no substantial non-infringing use for DRL's Proposed Products.

55.    Incyte will be substantially and irreparably damaged and harmed if DRL's infringement of the '693 patent is not enjoined.

56.    Incyte does not have an adequate remedy at law.

57.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IV: Infringement of the '481 Patent

58.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

59.    DRL's submission of ANDA No. 220797, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the '481 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

60.    There is a justiciable controversy between the parties hereto as to the infringement of the '481 patent.

61.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '481 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States.

62.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '481 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '481 patent and knowledge that its acts are encouraging infringement.

63.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '481 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, DRL has had and continues to have knowledge that DRL's Proposed Products are especially adapted for a use that infringes one or more claims of the '481 patent and that there is no substantial non-infringing use for DRL's Proposed Products.

64.    Incyte will be substantially and irreparably damaged and harmed if DRL's infringement of the '481 patent is not enjoined.

65.    Incyte does not have an adequate remedy at law.

66.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count V: Infringement of the '013 Patent

67.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

68.    DRL's submission of ANDA No. 220797, with the accompanying Paragraph IV

11

Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the '013 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

69.     There is a justiciable controversy between the parties hereto as to the infringement of the '013 patent.

70.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '013 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States.

71.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '013 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '013 patent and knowledge that its acts are encouraging infringement.

72.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '013 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's Proposed Products in the United States. On information and belief, DRL has had and continues to have knowledge that DRL's Proposed Products are especially adapted for a use that infringes one or more claims of the '013 patent and that there is no substantial non-infringing use for DRL's Proposed Products.

73.     Incyte will be substantially and irreparably damaged and harmed if DRL's infringement of the '013 patent is not enjoined.

74.     Incyte does not have an adequate remedy at law.

12

75.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Incyte respectfully request the following relief:

(A)     A Judgment that DRL has infringed the patents-in-suit by submitting ANDA No. 220797 with the accompanying Paragraph IV Certifications and notice to Incyte of same;

(B)     A Judgment that DRL has infringed, and that DRL's making, using, selling, offering to sell, and/or importing DRL's Proposed Products will infringe one or more claims of the patents-in-suit;

(C)     An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of ANDA No. 220797 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining DRL and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing DRL's Proposed Products until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining DRL, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F)     A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's Proposed Products will directly infringe, induce

13

infringement of, and/or contribute to infringement of the patents-in-suit;

(G)    To the extent that DRL, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H)    If DRL, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's Proposed Products prior to the expiration of the patents-in-suit, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I)    A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K)    A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L)    Such further and other relief as this Court may deem just and proper.

Dated:  November 21, 2025

By:  s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:
Douglas E. McCann
dmccann@fr.com
Robert M. Oakes
oakes@fr.com
Gregory Booker
booker@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899
Telephone: (302) 652-5070

Corrin N. Drakulich
drakulich@fr.com
Christina Brown-Marshall
brown-marshall@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

Deanna Reichel
reichel@fr.com
Alexander Rafferty
rafferty@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*

15

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Apotex Inc.*, No. 24-4366 (CPO)(MJS) (D.N.J.) (consolidated), *Incyte Corp., et al. v. Sun Pharmaceutical Industries, Inc., et al*, No. 25-13225 (CPO)(MJS) (D.N.J.), and *Incyte Corp., et al. v. Granules India Ltd.*, No. 25-13227 (CPO)(MJS) (D.N.J.), because it involves the same Plaintiffs, some of the same patents, and same drug products.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  November 21, 2025          By:   s/ Charles M. Lizza
                                         Charles M. Lizza
                                         Sarah A. Sullivan
                                         Alexander L. Callo
                                         SAUL EWING LLP
                                         One Riverfront Plaza, Suite 1520
                                         Newark, New Jersey 07102-5426
                                         (973) 286-6700
                                         clizza@saul.com

                                         *Attorneys for Plaintiffs Incyte Corporation and*
                                         *Incyte Holdings Corporation*

16